# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LANINKA OFFICE, on behalf of herself and others similarly situated, | : : : : | Case No. |
| *Plaintiff,* | : : | Class Action Complaint |
| v. | : : | Jury Trial Demanded |
| AMERICAN AUTOMOTIVE ALLIANCE, LLC, | : : : : | |
| *Defendant.* | : : | |
| _____ | / | |

## CLASS ACTION COMPLAINT

Plaintiff Laninka Office, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991,

known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Laninka Office ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA and Florida Telephone Solicitation Act alleging that American Automotive Alliance, LLC ("Defendant") made artificial or prerecorded calls, including to Florida numbers on the National Do Not Call Registry, including her own.

3.      Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

5.      Plaintiff resides in St. Petersburg, Florida, which is located within this District.

6.      Defendant is a limited liability company headquartered in St. Augustine, St. Johns County, Florida, engaged in the business of selling automotive insurance and warranties.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same call as the TCPA claim.

8.      This Court has personal jurisdiction over Defendant because it made telemarketing calls into this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls that are the subject of this lawsuit were sent and organized into this District.

## TCPA BACKGROUND

The Telephone Consumer Protection Act

10.      The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

11.      Pursuant to § 227(b)(3) of the TCPA, damages are available at a minimum of $500.00 for each violation.

The Florida Telephone Solicitations Act

12.      The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

13.      It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" is on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

14.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15.    Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

16.    Defendant is a company engaged in the marketing and solicitation of automotive insurance and warranties.

17.    Plaintiff's cellular telephone number, (727) XXX-XXXX, is a residential telephone line.

18.    Plaintiff uses her cellular telephone number for personal use only, as one would use a landline telephone number in a home.

19.    Plaintiff uses her cellular telephone number primarily to communicate with friends and family, and to conduct personal and household matters.

20.    Plaintiff pays for her cellular telephone plan herself and is not reimbursed by any business.

21.    Plaintiff has never had her cellular telephone number associated with a business.

22.    Plaintiff has never used her cellular telephone number in any business or marketing materials.

23.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since September 30, 2025.

24.    Despite Plaintiff's registration on the National Do Not Call Registry, Defendant called Plaintiff on December 18, 2025.

25.    The call was made from caller ID (423) 471-3150.

26.    Plaintiff answered the call, and heard a prerecorded message or an artificial voice.

27.    The voice stated words to the effect of:

Your auto warranty is expiring soon.  This is your final notice.  Are you still interested?

28.    Plaintiff was then transferred to a live agent named Alex.

29.    Agent Alex guided her to the Defendant's website to show her how she could make payments.

30.    Plaintiff then hung up the phone.

31.    The voice on the call was artificial, and not a real person, based on the speech sounding robotic in its tone, inflection, pausing, and wording.

32.    Moreover, compared to the live agent's human voice, the initial message clearly sounded artificial.

33.    The call was made was to advertise or market the Defendant's business.

34.    Defendant's call was sent for the purpose of encouraging Plaintiff to purchase, apply for, or engage in Defendant's insurance services.

35.    Plaintiff never inquired about Defendant's services or requested or agreed to be contacted by Defendant.

36.    The call was unwanted.

37.    Defendant placed the subject call voluntarily and under its own free will.

38.    Plaintiff and all members of the classes defined below have been harmed by Defendant's conduct because their privacy has been violated and they were subjected to unwanted and intrusive telemarketing calls, resulting in annoyance, harassment, and invasion of legally protected interests.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff seeks certification of the following classes (the "Classes") pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

> **FTSA Do Not Call Registry Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) despite being on the National Do Not Call Registry (4) since July 1, 2021.

40.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either

Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

41.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

42.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA and FTSA; and

(b)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

43.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. Plaintiff and her

counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

44.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### Count I
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

45.     Plaintiff repeats and incorporates the allegations set forth in foregoing paragraphs as fully set forth herein in paragraphs 1-44.

46.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

47.     Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

48.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and are entitled to damages in an amount to be proven at trial.

### Count II
**Florida Telephone Solicitation Act**
**Violation of Fla. Stat. § 501.059**
**(On Behalf of Plaintiff and the FTSA Do Not Call Registry Class)**

49.     Plaintiff repeats and incorporates the allegations set forth in foregoing paragraphs as if fully set forth herein in paragraphs 1-44.

50.     It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" is a Florida number on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

51.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

52.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

53.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members' Florida numbers were on the National Do Not Call Registry.

54.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling Florida telephone numbers advertising their goods or services listed on the National Do Not Call Registry;

B.      Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact sell phones and other protected lines, except for emergency purposes, in the future;

C.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

E.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial.

Dated: February, 17, 2026.

PLAINTIFF, on behalf herself and others similarly situated,

/s/ Avi R. Kaufman
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel

*Attorneys for Plaintiff and the putative Classes*