**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No. 8:26-CV-00429-WFJ-AEP**

LANINKA OFFICE, on behalf of herself
and others similarly situated,

      Plaintiff,

v.

AMERICAN AUTOMOTIVE
ALLIANCE, LLC, a Florida limited
liability company,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, American Automotive Alliance, LLC ("Defendant"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's, Laninka Office ("Plaintiff"), Class Action Complaint [ECF 1] (the "Complaint"). Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint, and Defendant denies all allegations, declarations, claims, or assertions in the Complaint that are not expressly admitted herein. To the

1

extent any titles, headings, or subheadings are intended to be allegations directed to Defendant, they are denied unless expressly admitted herein.

## NATURE OF ACTION

1. Defendant admits only that Plaintiff purports to quote from an opinion published by the U.S. Supreme Court, which speaks for itself. Otherwise, Defendant denies the allegations comprising this paragraph.

2. Defendant admits only that Plaintiff has filed the above-styled cause against Defendant pursuant to the Telephone Consumer Protection Act of 1991 (the "TCPA") and the Florida Telephone Solicitation Act (the "FTSA") on the basis of alleged artificial or prerecorded calls, but Defendant expressly denies that there is any merit to Plaintiff's contentions in support of the same. Defendant further denies any other allegations contained in this paragraph.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning what "telemarketing campaigns typically use," and on that basis denies them. Defendant denies any remaining allegations in this paragraph.

4. This paragraph states legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 4, including that a class action is the best means of obtaining redress or that the requirements of Rule 23 are satisfied in this case.

## PARTIES

5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

6.     Defendant admits only that it is it is a Florida limited liability company that conducts business in Florida. Otherwise, Defendant denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

7.     Defendant admits that Plaintiff purports to assert a claim under the TCPA and that the Complaint invokes this Court's federal-question jurisdiction under 28 U.S.C. § 1331. Defendant denies any allegation that Plaintiff has satisfied all jurisdictional prerequisites to relief, including Article III standing.

8.     Defendant admits that this Court may exercise personal jurisdiction over it in this action.

9.     Defendant admits that venue is proper in this District for purposes of this action.

## TCPA BACKGROUND

10.     This paragraph purports to summarize provisions of 47 U.S.C. § 227, which is a written statute that speaks for itself. To the extent paragraph 10 is inconsistent with the statute's actual language or application, it is denied.

3

11. This paragraph purports to summarize provisions of 47 U.S.C. § 227, which is a written statute that speaks for itself. To the extent paragraph 11 is inconsistent with the statute's actual language or application, it is denied.

12. This paragraph purports to summarize provisions of Florida Senate Bill No. 1120 with respect to changes contained therein bearing on the FTSA, which is a written bill that speaks for itself. To the extent paragraph 12 is inconsistent with the Bill's text and the statute's actual language or application, it is denied. .

13. This paragraph purports to summarize provisions of Fla. Stat. § 501.059(4), which is a written statute that speaks for itself. To the extent paragraph 13 is inconsistent with the statute's actual language or application, it is denied.

14. This paragraph purports to summarize provisions of Fla. Stat. § 501.059(1), which is a written statute that speaks for itself. To the extent paragraph 14 is inconsistent with the statute's actual language or application, it is denied.

15. This paragraph purports to summarize provisions of Fla. Stat. § 501.059(10), which is a written statute that speaks for itself. To the extent paragraph 15 is inconsistent with the statute's actual language or application, it is denied.

## FACTUAL ALLEGATIONS

16. Defendant admits that it offers automotive-related products and/or services, which may include insurance and warranty products, but denies the remaining allegations in paragraph 16, including any implication regarding the

nature, extent, or methods of Defendant's marketing or solicitation activities.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

24.     Defendant admits only that a call was placed to Plaintiff's telephone number on or about December 18, 2025. Defendant denies the remaining allegations of paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.   Defendant denies the allegations of this paragraph.

27.   Defendant denies the allegations of this paragraph.

28.   Defendant denies the allegations of this paragraph.

29.   Defendant denies the allegations of this paragraph.

30.   Defendant admits only that the call ended when Plaintiff terminated it. Otherwise, Defendant denies any remaining allegations in this paragraph.

31.   Defendant denies the allegations of this paragraph.

32.   Defendant denies the allegations of this paragraph.

33.   Defendant admits that the call was made in connection with Defendant's service offerings. Defendant denies any remaining allegations in paragraph 33.

34.   Defendant admits that the call was made in connection with Defendant's service offerings. Defendant denies any remaining allegations in paragraph 34.

35.   Defendant denies the allegations of this paragraph.

36.   Defendant lacks knowledge or information concerning Plaintiff's state of mind sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

37.   Defendant admits only that it placed the call referenced in paragraph 24 as part of its ordinary business operations and in reliance on Plaintiff's

corresponding consent. Otherwise, Defendant denies any remaining allegations comprising this paragraph.

38.     Defendant denies the allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

39.     Defendant admits only that Plaintiff purports to seek certification of the putative "Robocall Class" and "FTSA Do Not Call Registry Class" described in paragraph 39. Defendant denies that this case is appropriate for class treatment, denies that any putative class satisfies the requirements of Rule 23, and denies the remaining allegations of paragraph 39.

40.     Defendant admits that Plaintiff purports to define the putative classes to exclude certain categories of individuals as set forth in paragraph 40. Defendant denies that any class should be certified in this action and denies the remaining allegations of paragraph 40.

41.     Defendant denies the allegations in this paragraph.

42.     Defendant denies the allegations in this paragraph, including all subparts (a) and (b).

43.     Defendant denies the allegations in this paragraph.

44.     Defendant denies the allegations in this paragraph.

## Count I
### Telephone Consumer Protection Act
### Violation of 47 U. S. C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

45.    Defendant incorporates its foregoing answers to Paragraphs 1 through 44 as if fully set forth herein.

46.    Defendant denies the allegations in this paragraph.

47.    Defendant denies the allegations in this paragraph.

48.    Defendant denies the allegations in this paragraph.

## Count II
### Florida Telephone Solicitation Act
### Violation of Fla. Stat. § 501.059
### (On Behalf of Plaintiff and the FTSA Do Not Call Registry Class)

49.    Defendant incorporates its foregoing answers to Paragraphs 1 through 44 as if fully set forth herein.

50.    This paragraph purports to summarize provisions of Fla. Stat. § 501.059(4), which is a written statute that speaks for itself. To the extent paragraph 50 is inconsistent with the statute's actual language or application, it is denied.

51.    This paragraph purports to summarize provisions of Fla. Stat. § 501.059(1), which is a written statute that speaks for itself. To the extent paragraph 51 is inconsistent with the statute's actual language or application, it is denied.

52.    Defendant denies the allegations in this paragraph.

53.    Defendant denies the allegations in this paragraph.

8

54.    Defendant denies the allegations in this paragraph.

## [RESPONSE TO PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's "Prayer for Relief" and "Wherefore" sections, including every allegation in subparagraphs a-e. Defendant further denies that Plaintiff is entitled to class certification, appointment as a class representative, appointment of her attorneys as class counsel, any damages, equitable relief, injunctive relief, fees, costs, or other relief whatsoever.

*[Remainder of page intentionally left blank; Defendant's Affirmative Defenses*

*begin on the following page]*

## AFFIRMATIVE DEFENSES

Defendant asserts, intends to rely upon, and otherwise preserves the following affirmative and legal defenses in response to the claims and allegations set forth in the Complaint and respectfully reserves the right to assert other defenses if facts learned in discovery warrant such amendment. NRA Group reserves the right to assert additional affirmative defenses as they become apparent through discovery and further investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to allege facts sufficient to state any cause of action against Defendant. As to Count I, the Complaint fails to plausibly allege that the call at issue utilized an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii), instead offering only conclusory descriptions of the call that are contradicted by Defendant's call record reflecting a live conversation. To the extent Plaintiff seeks to impose liability under Count I based on alleged use of an "automatic telephone dialing system," the Complaint fails to allege facts plausibly showing that Defendant used equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

As to both counts, the Complaint fails to allege facts sufficient to support any claim for treble or enhanced damages, including any knowing or willful violation of the TCPA or FTSA.

10

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered a concrete injury in fact fairly traceable to any wrongful conduct by Defendant, as required for Article III standing. Plaintiff alleges only a single call, and that call was placed in reliance on Plaintiff's prior express written consent, which is an exception to Section 227(b)'s applicability to this action. In the absence of a call upon which liability relies, any alleged annoyance or displeasure arising from a consented-to call does not constitute the type of concrete harm required to invoke this Court's subject-matter jurisdiction for the full scope of relief Plaintiff seeks, particularly broad injunctive or class-wide relief. To the extent Plaintiff seeks to assert claims or obtain relief based on calls to others, Plaintiff likewise lacks standing to pursue such claims

## THIRD AFFIRMATIVE DEFENSE
### (Prior Express Written Consent)

Plaintiff's claims are barred, in whole or in part, because the call at issue was made with Plaintiff's prior express written consent made by voluntary opt-in.

## FOURTH AFFIRMATIVE DEFENSE
### (No Automatic Telephone Dialing System)

To the extent Plaintiff seeks to impose liability under 47 U.S.C. § 227(b) based on alleged use of an "automatic telephone dialing system," Plaintiff's claims are barred because the equipment does not and did not have the capacity to store or

11

produce telephone numbers to be called using a random or sequential number generator. Even if the equipment could be characterized in some manner as having such capacity, the call at issue was not placed using any random or sequential number generator functionality, but instead was placed to a specific number supplied by Plaintiff through a prior online inquiry.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Rule 23)

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23. The issues of whether and how any person provided consent, whether any particular call was made using an artificial or prerecorded voice or an ATDS, whether any call was made to a "residential" line, and whether any call caused a concrete injury are inherently individualized inquiries that predominate over any alleged common issues. A class action is therefore neither appropriate nor superior for resolution of this dispute.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant NRA Group LLC respectfully requests that this Court (i) dismiss the Plaintiff's Complaint in its entirety, with prejudice; (ii) award Defendants its costs of suit and attorneys' fees incurred in the defense of this lawsuit; and (iii) provide for such other and further relief as the Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: */s/ Ty D. Robare*
Ty D. Robare
Florida Bar No. 1054101
trobare@jimersonfirm.com
Daniel C. Self
Florida Bar No. 1069217
dself@jimersonfirm.com
701 Riverside Park Pl.
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
dorothyo@jimersonfirm.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served to all counsel of record electronically via CM/ECF, if designated, or via U.S. mail this 31st day of March, 2026.

*/s/ Ty D. Robare*
Attorney